IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 05-00290-01-CR-W-FJG |
| JAMES DEAN SHAW, | ) ) | |
| Defendant. | ) ) | |

## **DETENTION ORDER**

On April 27, 2006, I held a detention hearing. I find by a preponderance of the evidence that defendant poses a flight risk and that no single condition of release or combination of conditions of release will reasonably assure the appearance of defendant as required. In addition, I find by clear and convincing evidence that defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community.

## *I.  BACKGROUND*

On August 17, 2005, an indictment was returned charging defendant with one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Defendant appeared in this court pursuant to a writ of habeas corpus ad prosequendum, and his writ status expired on April 26, 2006; therefore, a

detention hearing was set.[1]  On March 1, 2006, defendant pled guilty to the charge in this indictment.

A detention hearing was held on April 27, 2006.  Defendant appeared in person, represented by Assistant Federal Public Defender Laine Cardarella.  The government was represented by Assistant United States Attorney Paul Becker.  The parties stipulated that the court consider the information in the Pretrial Services Report of Pretrial Services Officer Tim Hair as the testimony he would give, under oath, if called as witnesses.  Defendant offered the following proffer: Defendant aunt is present and able to answer any questions regarding supervising defendant.  His daughters are here and are willing to assist in supervising defendant.  No other evidence was offered by either party.

## II.   FINDINGS OF FACT

Based on the information contained in the Pretrial Services Report, I make the following findings of fact:

1.   Defendant, 48, has lived in the Western District of Missouri since 1972.  He has been incarcerated since November 2005.  Prior to that, defendant lived with his aunt in Belton, Missouri, who raised him.  Defendant's aunt is non-committal about signing a bond for defendant.  Defendant maintains regular contact with his mother who lives in Clinton, Missouri.  His father has been

---

[1] The government had previously moved for a detention hearing, but that motion was denied due to defendant's writ status.

deceased since 2003. Defendant has limited contact with his five half siblings. Defendant was married from 1981 until he was widowed in 2003. He has three children, ages 22, 15, and 14, and he maintains regular contact with them. Defendant has a 29-year-old child from a previous marriage and with whom he has no contact.

    2.    Defendant has a GED. HE has been in the carpet-laying business since 1982, but he has been unemployed for the alt six months due to his incarceration. He has no significant financial assets or liabilities other than $8,000 in past child support.

    3.    Defendant is generally in good health, although he suffers from Hepatitis C and bipolar disorder. Defendant experimented with marijuana and methamphetamine but has not used any illegal drugs in over eight years. Defendant has a history of alcohol abuse and received a DWI in 1991.

    4.    Defendant's criminal history includes the following:

| Date | Charge | Disposition |
| --- | --- | --- |
| 02/08/77 | Open container | Dismissed |
| 07/29/82 | False information to police | 1 year probation |
| 07/16/88 | Possession of stolen property **(Felony)** | 1-2 years, suspended, 2 years probation. Defendant failed to appear twice pursuant to this charge. |
| 12/08/88 | Carrying a weapon | 2 years probation |

| 02/05/90 | Attempted burglary **(Felony)** | 1-5 years in prison |
|---|---|---|
| 03/15/90 | Forgery **(Felony)** | SIS, 5 years probation, revoked on 9/24/91, sentenced to 5 years in prison |
| Unknown | Possession of forging instrument **(Felony)** | 2 years in prison |
| 06/19/97 | Stealing **(Felony)** | 5 years, SES, 5 years probation, revoked on 2/28/00, 120 day call back sentence, released on 7/11/00, absconded from supervision and on 6/25/01, probation was revoked. He was paroled again but taken into custody on 10/20/05 on a forgery charge. Sentence was completed on 4/17/06. |
| 02/13/99 | Simple assault | Dismissed |
| 11/26/99 | Simple assault | Nolle pros |
| 18/14/03 | Tampering | Released |
| 06/27/05 | Felon in possession | Released |
| The date of this offense corresponds to the date listed in this federal indictment. Defendant's aunt contacted Missouri Probation and Parole indicating that defendant had a gun in their residence. A subsequent search of the residence uncovered a handgun, ammunition, a small amount of marijuana, and paraphernalia in the defendant's bedroom. | | |
| 10/20/05 | Forgery | Warrant issued with $10,000 cash or surety bond set, warrant remains active. State probation was revoked as a result of this offense, defendant was incarcerated in the Missouri Department of Corrections until he was taken into custody on the federal charge on November 15, 2005. |

4

Case 4:05-cr-00290-FJG   Document 19   Filed 04/27/06   Page 4 of 6

5. Defendant faces a maximum statutory prison sentence of ten years on this charge; however, his guideline range, considering he is a criminal history category of six, will be around four to five years.

### III. CONCLUSION

Based on all of the above, I find by a preponderance of the evidence that no single condition or combination of conditions of release will reasonable assure the appearance of defendant as required. Defendant is facing a possible four- to five-year sentence, he has a history of absconding court supervision, he has a history of failure to appear for court, he has had probation revoked in the past, and he has an outstanding felony warrant from Henry County, Missouri.

In addition, I find by clear and convincing evidence that no single condition or combination of conditions of release will reasonably assure the safety of the community. Defendant has pleaded guilty to possessing a firearm, he has a long criminal history including five felony convictions, he has had probation revoked in the past, he has a history of new arrests while on supervision, and the instant offense occurred while defendant was on probation.

It is, therefore

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for detention pending sentencing. It is further

ORDERED that the defendant be confined in a corrections facility separate, to the extent practicable, from persons serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that the defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where defendant is confined deliver the defendant to a United States Marshal for his appearance in connection with a court proceeding.

　　　　　　　　　　　　　　　　　　　　*/s/ Robert E. Larsen*
　　　　　　　　　　　　　　　　　　　　ROBERT E. LARSEN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Kansas City, Missouri
April 27, 2006

6